ELMO HUFFHINES v. THE STATE.

No. 8801.     Delivered June 24, 1925.

Rehearing Denied October 14, 1925.

**1.—Manufacturing Intoxicating Liquor—Continuance—Fourth Application—Properly Refused.**

Where on a trial for manufacturing intoxicating liquor, appellant presents his fourth application for a continuance, to secure the attendance of two absent witnesses, by whom he sets up that he expects to prove that they, and not himself, are the guilty parties, the trial court properly refused to grant him this fourth continuance.

**2.—Same—Requested Charge—Properly Refused.**

Where appellant presented a requested charge to the effect that the jury could not convict appellant upon proof of the finding of whisky, stills and other equipment for manufacturing intoxicating liquor in a building near defendant's residence, unless they further found that same was in the actual possession of the appellant. This requested charge, so far as correct, was fully covered by the court's main charge, and was properly refused.

**3.—Same—Circumstantial Evidence—Charge on,—Properly Refused.**

If it be conceded, which we do not concede, that there was no direct evidence that appellant was manufacturing whisky, yet his connection and relation to it was in such juxtaposition to the actual manufacture of the same, as to make a charge on circumstantial evidence unnecessary, the court properly refused such charge.

**4.—Same—Principals—Issue Correctly Submitted.**

Where the uncontradicted evidence showed that there was one or two negroes present and working around the still when same was actually making whisky, and appellant admittedly present, the law of principals was properly given in charge by the court.

**5.—Same—Evidence—Res Gestae—Properly Admitted.**

The acts and declarations of the accused and the paraphernalia for making whisky found on his premises and in his possession, at the time of his arrest are admissible in evidence, as *res gestae*, and the court's qualification of a bill of exception that the evidence was admitted as *res gestae*, such bill being accepted by appellant, he is bound by it.

ON REHEARING.

**6.—Same—Charge of Court—On Circumstantial Evidence—Properly Refused.**

Appellant insists in his motion for rehearing, that the court erred in refusing to charge on circumstantial evidence. Stratton swore that appellant took him in his barn, showed him the still, showed him how it worked, and everything about it, and said that it was his still. When the officers made the raid in the night time, the still was found in operation in appellant's barn, that appellant was present, had on gum boots, and that there was mash on his clothes and boots. The court very properly refused to charge on circumstantial evidence.

Appeal from the Criminal District Court of Dallas county. Tried below before the Hon. Grover C. Adams, Special Judge.

Appeal from a conviction for manufacturing intoxicating liquor; penalty, three years in the State penitentiary.

The opinion states the case.

*A. H. Mount*, and *M. T. Lively*, for appellant.

*Wm. McCraw*, Assistant District Attorney, *Shelby Cox*, District Attorney, *Tom Garrard*, State's Attorney, *Grover C. Morris*, Assistant State's Attorney, for the State.

BERRY, JUDGE.—The appellant was convicted in the district court of Dallas County for the offense of manufacturing liquor and his punishment assessed at confinement in the penitentiary for a term of three years.

The testimony shows that in a bar on the premises where appellant lived there were found about three thousand gallons of mash, there being sixty-five fifty gallon barrels, and three boilers with brick furnaces built around them and a number of fruit jars and two-

101 Tex. Crim.—20.

hundred eighty-five gallons of whiskey. This paraphernalia was found on the night of the 10th of March 1922 by the officers of Dallas County. The state proved by the witness Stratton that a few days before this raid was made by the officers and the above articles found, he was working there at the place where the appellant lived and that he thought this barn was on fire, after seeing smoke coming from it, and that he tried to get in to put it out and appellant stopped him and told him that it was all right and wasn't on fire; that appellant said it ·was a still, that he could go in the barn if he wanted to and upon going in he found a still with a fire under it; that it seemed to be in operation and there was whiskey and the stills in there and that appellant told him it was his still; and there was either one or two negroes in the barn at the time.

Bill of exceptions No. 1 complains at the court's action in overruling the defendant's motion for a continuance. By this motion, appellant shows that he desires the testimony of Fred Whitley and Willis Mathis. The application further shows that both of said witnesses were indicted for a similar offense committed at the same time and place as this defendant but that their cases had been dismissed on the motion of the district attorney under an agreement giving said two witnesses immunity against prosecution for this offense. Appellant alleges in his motion that he expected to prove by said two witnesses that they, and not he, were the guilty parties in connection with the facts above detailed. The court certified that this is appellant's fourth application for a continuance and in view of the testimony developed on the trial of the case, we conclude that the court did not err in refusing to grant appellant a new trial on account of the alleged error in overruling this motion for a continuance. From the facts disclosed from the record, we think the court properly concluded that the alleged testimony of the absent witnesses was not probably true.

By bill of exceptions No. 2, appellant complains at· the court's action in refusing his special charge to the effect that the jury could not base its verdict alone upon the evidence that whiskey stills and other equipment were found in buildings near defendant's residence unless the jury should further find beyond a reasonable doubt that same were in the actual possession of the appellant. This special charge, so far as correct, was fully covered by the court in his main charge to the jury and no error is perceived in his failure to give the same. A charge on circumstantial evidence was not required in this case. If it be conceded, which we do not concede, that there was no direct testimony showing that appellant was actually manufacturing whiskey, yet his connection and relation to it was in such juxtaposition to the actual manufacture of the same as to make a charge on circumstantial evidence unnecessary.

The court correctly charged on the law of principals and appellant's complaint to the effect that there is no evidence upon which to base said charge of principals and it cannot be sustained. Both the officers who made the arrest and the witness, Stratton, who testified to seeing the still and to appellant's claiming ownership of the same testified that there were one or two negroes there working around the still. Under these facts, the court correctly submitted the law with reference to principals in this case.

By bill of exceptions No. 5, appellant complains of the following matter: his bill shows that while the arresting officer was being examined by the State, the district attorney attempted to prove by this witness what the appellant said and did at the time the premises were being searched. The court sustained defendant's objection to the statements and acts of the defendant being introduced in evidence for the reason that it was shown that defendant was under arrest at the time. The witness had testified that he and defendant went to the dairy barn while defendant was under arrest. Whereupon the witness was permitted to testify that he went to the barn, that he did not get in through any physical efforts or through the individual efforts of any officer and that the building was locked, but that they got on the inside of said building and that the defendant was present at that time. Defendant objected to this as violating the ruling of the court in proving the acts of defendant while under arrest over defendant's objection. The court in his qualification of this bill refuses to certify that it was the intention of the district attorney to violate any ruling of the court and refuses to certify that the conduct of the district attorney was in violation of any ruling of the court. Under this qualification, the bill does not show error. It has been often stated by this court that the rule generally is that statements made by a party under arrest are not admissible but there are some well known exception to the rule and it is incumbent upon a party seeking to invoke this rule to show affirmatively that it does not come within any of the exceptions. The bill of exceptions nowhere shows that the testimony objected to, if it considered as proof of acts or statements made by appellant while under arrest, was not a part of the *res gestae* or that it did not come within some other exception to the rule against proving declarations by a party while under arrest, and in this connection, it may be noted that the court certified that the testimony objected to was admissible as a part of the *res gestae*. Appellant accepted this bill with this qualification of the court attached to it and in view of the fact that there is nothing in the bill in any wise contradicting this qualification and that no exception was taken to the qualification, we cannot do otherwise than presume that same was warranted by the facts.

Finding no error in the record, it is our opinion that the same should be in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal appeals and approved by the Court.

### ON MOTION FOR REHEARING

LATTIMORE, JUDGE.—In appellant's motion he criticises the statement of State witness Stratton who swore that he "was working there at the place where the appellant lived." The record supports this statement.

Complaint is made of failure to charge the jury on circumstantial evidence. Stratton swore that appellant took him in the barn, showed him the still, showed him how it worked and everything about it, and that appellant said it was his still. In addition to this when the place was raided in the night time and the still was found in operation in appellant's barn, or in a barn 125 yards from appellant's residence, it was in testimony that the raiding party saw three persons at the barn, saw one of them go to the residence with a lantern, and that when they went into the barn they found there two negroes, and that they started to the residence and met appellant coming toward the barn with a lantern in his hand, he being fully dressed and having on gum boots, and there being mash on his clothes and boots. This much is stated as showing that there was no error on the part of the learned trial judge in refusing to charge on circumstantial evidence.

We find nothing of consequence in appellant's complaint of the evidence of the officers that they entered the barn where the mash was found and the chicken house where the whiskey was found without breaking the building, appellant being with them at the time.

The motion for rehearing is overruled.

*Overruled.*